UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER SADOWSKI,

                      Plaintiff,

- against -

GAWKER MEDIA LLC

                      Defendant.

Docket No. _____

JURY TRIAL DEMANDED

---

## COMPLAINT

Plaintiff Christopher Sadowski ("Sadowski" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Gawker Media LLC ("Gawker" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of an UBER car owned and registered by Sadowski, a New York City based photojournalist. Accordingly, Sadowski seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Sadowski is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 46 Viola Avenue, Clifton, New Jersey, 07011. Sadowski's photographs have appeared in many publications around the United States.

6.      Upon information and belief, Gawker is a limited liability corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 210 Elizabeth Street, Ste. 4, New York, New York, 10012. Upon information and belief, Gawker is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Gawker has owned and operated the websites at the following URL's: www.Gizmodo.com and Gawker.com (the "Websites").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

7.      On or about August 19, 2014, Sadowski photographed an UBER car (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.      Sadowski then licensed the Photograph to The New York Post. On August 19, 2014, The New York Post ran an article that featured the Photograph on its web edition entitled, *Uber users are mistakenly jumping into random cars.* See (http://nypost.com/2014/08/19/uber-users-are-mistakenly-jumping-into-random-cars/). Sadowski's name was featured in a gutter

credit identifying him as the photographer of the Photograph. A true and correct copy of the Photograph on the article is attached hereto as Exhibit B.

9. Sadowski is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with Copyright Office and was given Copyright Registration Number VA 1-925-762 effective September 30, 2014.

### B. Defendant's Infringing Activities

11. Upon information and belief, on or about June 17, 2015, Gawker ran an article on the Website entitled *Uber drivers in California will be employees, not contractors*. See (http://gizmodo.com/uber-drivers-in-california-will-be-considered-employees-1711956394) and another article entitled *NYC Has Impounded 500 Uber Cars Since April for Picking Up Illegal Fares*. See (http://gawker.com/nyc-has-impounded-500-uber-cars-since-april-for-picking-1712012779) The articles prominently featured the Photograph. A true and correct copy of the articles is attached hereto as Exhibit C.

12. Gawker did not license the Photograph from Plaintiff for its articles, nor did Gawker have Plaintiff's permission or consent to publish the Photograph on its Websites.

13. Upon information and belief, Gawker removed Sadowski's gutter credit and did not attribute the Photograph to anyone.

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST GAWKER)
### (17 U.S.C. §§ 106, 501)

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Gawker infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Websites. Gawker is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Gawker have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

21. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST GAWKER**
**(17 U.S.C. § 1202)**

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23.     When the Photograph was published in an article in The New York Post, the article contained copyright management information protected under 17 U.S.C. § 1202(b).

24.     Upon information and belief, in its article on the Website, Gawker intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

25.     The conduct of Gawker violates 17 U.S.C. § 1202(b).

26.     Upon information and belief, Gawker's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Gawker intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Gawker also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

28.     As a result of the wrongful conduct of Gawker as alleged herein, Plaintiff is entitled to recover from Gawker the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Gawker because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

29.     Alternatively, Plaintiff may elect to recover from Gawker statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Gawker be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Gawker be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
June 5, 2016

LIEBOWITZ LAW FIRM, PLLC

By: /s/ Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 301
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorney for Plaintiff Christopher Sadowski*